FILED

2010 Apr-21  PM 03:59
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **ANNIE R. JACKSON,** ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | CV 09-J-2135-NE |
| ] | |
| **MICHAEL J. ASTRUE,** ] | |
| **Commissioner of the Social** ] | |
| **Security Administration**, ] | |
| ] | |
| Defendant. | |

## MEMORANDUM OPINION

This matter is before the court on the record and the briefs of the parties.  The court has jurisdiction pursuant to 42 U.S.C. § 405.  The plaintiff is seeking reversal and remand of the final decision of the Commissioner.   All administrative remedies have been exhausted.

The plaintiff filed an application for Disability Insurance Benefits, asserting she is unable to work due to a severe crush injury to her right foot, rendering her unable to stand for more than 30 minutes at a time and causing constant pain (R. 194, 296).  Because of the pain, the plaintiff takes pain medication daily that makes her sleepy and interferes with her thinking (R. 48, 54).  The plaintiff had received workers' compensation benefits until a lump sum settlement was reached, and currently received long term disability benefits from her past employer (R. 34, 37, 139-152).  The evidence in the record reflects that Dr. Scott Sharp restricted the plaintiff to standing no more than 30 minutes at a time (R. 166, 171).   There are further limitations from him of no more than eight hour work days and no walking/standing for more than four hours (R. 167, 171).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the correct legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983). The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision.

The plaintiff argues that the ALJ's decision is not supported by substantial evidence because the plaintiff's pain from her foot injury is disabling. Plaintiff's memorandum, at 10. The Commissioner responds that the ALJ properly discredited the plaintiff's subjective complaints of pain. Commissioner's memorandum, at 14-15. Proper application of the pain standard, used when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms, requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Foote v. Chater* , 67 F.3d 1553, 1560 (11th Cir.1995) (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991)).

While the standard requires objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, it does not require objective proof of the pain itself. Thus under both the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the standard a claimant who can show that her condition could reasonably be expected to give rise to the pain she alleges has established a claim of disability and is not required to produce additional, objective proof of the pain

2

itself. *See* 20 CFR §§ 404.1529 and 416.929.  Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote*, 67 F.3d at 1561. Therefore, if a plaintiff testifies she suffers from pain or other subjective symptoms at a level that would prevent work and she satisfies the three part pain standard, she must be found disabled unless that testimony is properly discredited.  Thus, once the pain standard is satisfied, the issue becomes one of credibility.  "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id.* at 1561-62.  The ALJ complied with this standard.

The medical records demonstrate that the plaintiff has had ongoing complaints of pain for which her treating physicians have prescribed increasing doses of pain medication and referred the plaintiff to a pain clinic for management of her pain.  None of these doctors have found that the plaintiff is exaggerating or malingering.  However, these same physicians have opined that the plaintiff can and should continue to perform work, within the limitations set forth by them.  The only evidence contrary to these opinions is the vocational assessment report of Patsy Bramlett, a certified rehabilitation counselor and licensed professional counselor.  The ALJ articulated specific reasons for rejecting her opinions.  Additionally, although the plaintiff asserts side effects from pain medications render her unable to perform substantial gainful employment, when the record contains no complaints of side effects to treating physicians, there is substantial evidence to support a finding that side effects are not a significant problem. *See Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir.1990).

As such, this court finds no reversible error in the decision of the ALJ.  This court may not reweigh evidence or substitute its judgment for that of the ALJ, and even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *See Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir.1991); *Baker v. Sullivan*, 880 F.2d 319 (11th Cir.1989).  The fact that this court may have decided the issue differently is not a sufficient basis to reverse the decision of the Commissioner.

Based upon the court's evaluation of the evidence submitted to and adduced at the hearing before the Administrative Law Judge and considered by him and the Appeals Council, the court is satisfied that the decision of the Administrative Law Judge is based upon substantial evidence and that the Administrative Law Judge applied the correct legal standard to each issue presented.  Accordingly, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done, this 21st day of  April, 2010.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE